# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALEC GARCIA RODRIGUEZ, )
)
             Petitioner, )    **MEMORANDUM OPINION**
)        **AND ORDER**
      v. )
)
UNITED STATES OF AMERICA, )       1:07CV942
)       1:05CR290-1
          Respondent. )

Petitioner Alec Garcia Rodriguez, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 23).[1] Petitioner was indicted on, and later pled guilty to, one count of conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 (docket nos. 1, 14, 15). He was sentenced to 126-months imprisonment (docket no. 16). At sentencing, his guideline range was based on an offense level of 31 and a criminal history category of II. (Presentence Report (PSR) ¶¶ 26, 32.) Petitioner's criminal history category was based on a total of three criminal history points. One point was for a New York conviction for felonious criminal possession of a controlled substance. (*Id.* ¶ 28.) The other two points were assessed because Petitioner failed to show up for sentencing for that conviction and was wanted on a bench warrant at the time he committed the instant offense. (*Id.* ¶ 31.)

---

[1] This and all further cites to the record are to the criminal case.

Following sentencing, Petitioner filed a direct appeal but was unsuccessful (docket nos. 21, 22). Then, several months after his appeal was denied, Petitioner was able to have his criminal conviction in New York dismissed (docket no. 23, Ex.4). The certificate describing the dismissal states that "the arrest and prosecution shall be deemed a nullity." (*Id.*) Petitioner then brought his current motion seeking to be resentenced with his criminal history score recalculated to reflect the fact that his prior conviction had been successfully challenged. He believes that he should have no criminal history points and that he would be eligible for application of the "safety valve" provision of the United States Sentencing Guidelines. Respondent has filed a response, Petitioner has filed a reply, and the motion is now before the court for review.

## DISCUSSION

Respondent's primary response to Petitioner's claim is that it is not cognizable on collateral review because, even though it could not have been raised on direct appeal, it is a non-constitutional claim and does not constitute "a fundamental defect which inherently results in a complete miscarriage of justice." *Stone v. Powell*, 428 U.S. 465, 477 n. 10 (1976). Although this argument is presented only in a bare bones fashion, it appears to be in conflict with clear precedent. The United States Supreme Court has held that, where a federal prisoner's sentence is enhanced because of a state conviction and that conviction is overturned after his federal conviction has become final, the prisoner may seek to reopen his sentencing in a

section 2255 motion, *Johnson v. United States*, 544 U.S. 295, 303-04 (2005); and this holding only reaffirmed earlier statements to that effect. *See Daniels v. United States*, 532 U.S. 374 (2001); *Custis v. United States*, 511 U.S. 485 (1994). In applying those cases, various courts and most important here the Fourth Circuit, have consistently allowed prisoners to pursue these types of claims through section 2255 motions. *See*, *e.g.*, *United States v. Gadsen*, 332 F.3d 224 (4th Cir. 2003); *United States v. Mobley*, 96 Fed. Appx. 127 (4th Cir. 2004); *Candelaria v. United States*, 247 F. Supp. 2d 125 (D.R.I. 2003) (citing cases). Respondent has not cited this precedent nor explained why it would not control here, and the court sees no reason why it should not. For this reason, Petitioner has raised a cognizable claim for relief under section 2255. Nevertheless, in order to receive relief on that claim, Petitioner will still need to show that he should succeed on the merits and be resentenced with a lower criminal history category.

In further analyzing Petitioner's claim on its merits, there are at least two important considerations which have not been adequately addressed by the parties. The first of these is that it is not clear that the "dismissal" of Petitioner's conviction would result in a lowering of his criminal history score under the United States Sentencing Guidelines. In granting relief under section 2255 by reopening the sentencing of a person whose prior state conviction has been altered or set aside in some fashion, courts must normally consider whether the conviction has been "expunged" within the meaning of the Guidelines. *United States v. Mobley*, 96 Fed.

Appx. 127. Courts must also consider the reasons for the state action because only convictions that are invalidated for certain reasons are excluded from criminal history calculations. Convictions set aside because of constitutional problems, the innocence of the defendant, or legal errors are not counted under the Guidelines; however, convictions set aside for other reasons, such as restoring civil rights or removing the stigma of a conviction from a person's record, are still counted for criminal history purposes. USSG § 4A1.2, cmt. n. 10.

It is not entirely clear whether and how the rules just set out affect Petitioner's prior conviction. Petitioner has produced an exhibit which shows that the State of New York has "dismissed" his prior conviction (docket no. 23, Ex. A). It may be that, because Petitioner was never sentenced prior to the dismissal, his conviction should be deemed to have never existed and the rules on expungements versus other types of actions do not come into play. If this is so, then the one point he was assessed for the conviction likely would be removed. Furthermore, if the rules on expungements do apply, the result of their application is unknowable at this time because of an absence of certain facts. The reasons for the dismissal are not set out in Petitioner's exhibit. It does state that the dismissal qualifies as a termination of the action in Petitioner's favor under New York law, that the arrest and prosecution are a nullity, and that Petitioner's status has been restored to the same as it was prior to his arrest. (*Id.*) In some ways, therefore, the effect of the dismissal resemble an expungement. Still, the reasons for the dismissal are not set out and

-4-

the New York statutes cited in that document cover a variety of dismissals, some of which would seem not to meet the definition of "expunged" under the Guidelines. N.Y. CRIM. PROC. LAW §§ 160.50, 160.60. Given this situation, further briefing will be necessary to determine the full facts surrounding the "dismissal" of Petitioner's conviction and whether and how the provisions of the Guidelines dealing with "expunged" convictions apply to those facts.

There is also a second potential issue which was not resolved by the parties' submissions. Petitioner received one criminal history point because of his conviction, but two criminal history points because he was an absconder who was wanted on a bench warrant at the time he committed the instant offense. Assuming for the sake of argument that his prior conviction should not be counted under the Guidelines, it does not necessarily follow that the other two points would also disappear from his criminal history. One possible view is that they would be removed because they were inseparably attached to the prior conviction that is now not being counted. Another possible view is that Petitioner should still be assessed two criminal history points because, whatever occurred later with the underlying prior conviction, it remains true that Petitioner had the status of an absconder or escapee at the time he committed the offense in the instant case. This would result in Petitioner still having a criminal history category of II even with the one point for the prior conviction removed. Petitioner appears to assume that the first view is correct and that all three of his criminal history points rise or fall together. While he may well

be right, he does not cite authority to support this position and has not fleshed out arguments in favor of this result. Respondent, possibly due to it's heavy reliance on its no-miscarriage-of-justice argument, has not addressed the issue at all. In any event, neither party has fully briefed and argued the question so that the answer is clear. More briefing on this issue is needed.

In summary, Petitioner's claim that the dismissal of his prior conviction by the State of New York has retroactively lowered his criminal history score is a claim properly brought under section 2255, and the claim must be considered on its merits. While Petitioner has produced some evidence to support his claim, a decision on the merits cannot be made on the record before the court because critical facts are missing and because important issues have not been briefed. To remedy this situation, Respondent[2] will be given thirty days to file a brief of no more than twenty pages, along with any additional evidence, addressing the issues set out above or other relevant issues. Naturally, if Respondent has already investigated or considered these issues and concluded that they do not preclude relief for Petitioner, or if it reaches that conclusion upon considering them now, it may choose to so

---

[2] In the situation before the court, either party could be allowed to brief the issues first. Given the somewhat complex legal nature of some of the issues and the fact that Petitioner is proceeding *pro se*, the court concludes that it is best for Respondent to be the party to first research the issues and frame the debate. This is also advantageous because Respondent may choose not to pursue some or any of these issues. It will save resources to know this from the beginning. There is one problem with Respondent being the first to file a supplemental brief. Respondent may have difficulty in obtaining documentation of the reasons that Petitioner's New York case was dismissed because the document submitted by Petitioner indicates that those records are now sealed. Respondent may seek an order from the court if it is necessary to obtain those documents (assuming that a court order would aid in the production of the records).

notify the court in lieu of further briefing.  Following the filing of a supplemental brief by Respondent, Petitioner will then have thirty days to file a responsive brief of no more than twenty pages, along with any relevant supporting evidence.

**IT IS THEREFORE ORDERED** that, within thirty days of the entry of this Order, Respondent shall file either a supplemental brief as described above or a notice that it does not wish to contest Petitioner's motion on any ground other than the one set out in its original response brief.

**IT IS FURTHER ORDERED** that, within thirty days of the filing of any supplemental brief by Respondent, Petitioner may submit a twenty-page responsive brief.[3]

Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
May 9, 2008

---

[3] Considering the complexity of the issue to be addressed, Petitioner may apply for court-appointed counsel for assistance in preparing his brief, depending of course on the course of action the United States chooses.

-7-