IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALEC GARCIA RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:07CV942 |
| | ) | 1:05CR290-1 |
| Respondent. | ) | |

The history that has brought this case to this point is somewhat lengthy. Petitioner Alec Garcia Rodriguez, a federal prisoner, previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 23). Petitioner was indicted on, and later pled guilty to, one count of conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 (docket nos. 1, 14, 15).[1] At sentencing, Petitioner's advisory Guidelines range was found to be 121 to 151 months of imprisonment based on an offense level of 31 and a criminal history category of II (Presentence Report (PSR) ¶¶ 26, 32). Petitioner's total of three criminal history points was composed of one point for a New York conviction for felonious criminal possession of a controlled substance (*id.* ¶ 28) and two points which were assessed because Petitioner failed to show up for sentencing for that conviction and was wanted on a bench warrant at the time he

---

[1] This and all further cites to the record are to the criminal case.

committed the instant offense (*id.* ¶ 31). He was sentenced to 126 months of imprisonment (docket no. 16).

Following sentencing, Petitioner filed a direct appeal, but he was unsuccessful (docket nos. 21, 22). Then, several months after his appeal was denied, Petitioner was able to have his criminal conviction in New York dismissed (docket no. 23, ex. A). The certificate describing the dismissal states that "the arrest and prosecution shall be deemed a nullity" (*id.*). Petitioner then brought his current motion under § 2255. In it he sought to be resentenced with his criminal history score recalculated to reflect the fact that his prior conviction had been successfully challenged. He claimed that he should now have no criminal history points and that he would be eligible for application of the "safety valve" provision of the United States Sentencing Guidelines. Respondent filed a response (docket no. 25), Petitioner filed a reply (docket no. 28), and the motion came before the undersigned for a decision.

In an order entered on May 9, 2008, the undersigned determined that Petitioner had raised a cognizable claim under § 2255 (docket no. 30). Petitioners can sometimes be entitled to relief where a conviction is invalidated after sentencing, but only if a conviction is "expunged" within the meanings of the Guidelines. This term includes convictions set aside because of constitutional problems, the innocence of the defendant, or legal errors. However, convictions set aside for other reasons, such as restoring civil rights or removing the stigma of a conviction from a

person's record, are still counted for criminal history purposes.  *United States v. Mobley*, 96 Fed. Appx. 127 (4th Cir. 2004); USSG § 4A1.2, cmt. n. 10.

Unfortunately, the record was unclear as to the basis for the dismissal of Petitioner's New York conviction.  For that reason, the court allowed the parties to brief the issues further and instructed Respondent to attempt to procure any necessary records from New York.  Obtaining the records proved impossible for Respondent despite its best efforts (docket no. 31).  The court then appointed counsel for Petitioner and charged him with getting the records and with further briefing Petitioner's claim (docket no. 33).  When the first attorney failed to procure the records, the court appointed a second attorney to attempt the task (docket no. 52).  That attorney was ultimately successful in receiving copies of the records, but was allowed to withdraw after reviewing the records and determining that he had no good faith basis upon which to argue that Petitioner's New York conviction had been "expunged" within the meaning of the Guidelines.  Petitioner requested, and was given, time in which to file a *pro se* supplemental brief (docket nos. 54-55).  However, the time to file that brief has expired and Petitioner has not done so.  Therefore, the court will decide Petitioner's motion based on his New York records and without further briefing.

Petitioner's New York records, which are attached to his attorney's motion to withdraw, show the following.  The process that led to the dismissal of the New York conviction began when Petitioner himself filed a *pro se* motion to dispose of the

-3-

case.[2] In it, he informed the New York courts that he was wanted in those courts for failing to turn himself in to serve his one-year New York sentence, but that he was then incarcerated in federal prison for 126 months following his conviction in this District. New York had filed a detainer against him. Petitioner wished to participate in drug rehabilitation program in federal prison, but could not do so as long as the detainer was in place. Therefore, Petitioner sought to enter a guilty plea in absentia via an affidavit in order to resolve the New York warrant and remove the detainer (docket no. 54, ex. A). On April 12, 1997, a brief hearing was held on the matter. The transcript from that hearing reflects that the State of New York moved to dismiss the case because Petitioner was "in Federal custody and was sentenced to fourteen years and is not due to be released until October 2014." The motion was granted (*id.* ex. C. at 2).

Quite clearly, Petitioner's New York case was not set aside because of any constitutional problem, his innocence, or a legal error. It was instead set aside because the State of New York lost interest in pursuing the matter once it learned of Petitioner's lengthy federal sentence. His New York conviction and sentence were not "expunged" within the meaning of the Guidelines. Therefore, he is entitled to no relief and his motion under § 2255 should be denied.

---

[2] All of the New York documents, including those filed by Petitioner, refer to Petitioner as "Jose Miguel Mateo." This was the name under which the New York charges were brought and is apparently Petitioner's true name (PSR ¶ 34).

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 23) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
February 24, 2010